IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE PACE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0386 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On October 14, 2003, petitioner MICHAEL WAYNE PACE, a state prisoner confined in the Coffield Unit, filed with the United States District Court for the Eastern Division of Texas a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges his September 11, 1995 conviction for the felony offense of aggravated sexual assault of a child out of the 320th Judicial District Court of Potter County, Texas and the resultant 24-year sentence. *See State v. Pace*, No. 35,103-D. On November 17, 2003, petitioner's application was transferred to this Court. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On September 7, 1995, in Cause No. 35,103-D, a jury found petitioner guilty of the offense

of aggravated sexual assault as charged in the indictment and assessed petitioner's sentence at confinement in the Texas Department of Criminal Justice, Institutional Division, for a period of twenty-four (24) years.[1]  Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on August 6, 1996, affirmed said conviction and sentence in an unpublished opinion.  *Pace v. State*, No. 07-95-0412-CR.  Petitioner sought review of the state appellate court's decision by filing a petition for discretionary review.  The Texas Court of Criminal Appeals refused said petition on October 16, 1996.  *Pace v. State*, No. 1334-96.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On October 2, 1998, petitioner filed an application for a state writ of habeas corpus with the Court of Appeals for the Seventh District of Texas.  On October 9, 1998, that court denied petitioner's application for want of jurisdiction.  *Ex parte Pace*, No. 07-98-0333-CR.

On February 27, 2002, petitioner filed an application for a state writ of habeas corpus with the state trial court.  *Ex parte Pace*, No. 52,173-03.  On May 22, 2002, the Texas Court of Criminal Appeals denied petitioner's application without written order.

On September 3, 2003, petitioner executed the instant federal habeas application challenging his conviction and sentence.  Petitioner's application, however, was not filed of record until October 14, 2003, almost 1 ½ months later.  This Court received petitioner's application from the Eastern District on November 17, 2003.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction and sentence are in violation of the Constitution and/or

---

[1] On that same date, petitioner was also convicted of aggravated sexual assault of a child in Cause No. 35,104-D, and of indecency with a child in Cause No. 35, 105-D.  Petitioner was assessed a 24-year sentence and a 20-year sentence, respectively, such sentences to run concurrently.

laws of the United States for the following reasons:

1. Petitioner is actually innocent of the crime of which he was convicted;

2. The prosecution withheld exculpatory evidence from the defense;

3. The Potter County court lacked venue to prosecute petitioner;

4. Prosecutorial misconduct; and

5. A witness gave false testimony.

### III.
### STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

IV.
TIME BAR

In this case, petitioner's claims clearly do not involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C). Nor has petitioner alleged, or shown, he could not have discovered the factual predicate of his claims until a date subsequent to his final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, the 1-year period of limitation began to run either on the date on which petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, *see* 28 U.S.C. § 2244(d)(1)(A), or the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States was removed, if petitioner was prevented from filing by such State action. *See* 28 U.S.C. § 2244(d)(1)(B).

After the Texas Court of Criminal Appeals' refusal of petitioner's petition for discretionary review on October 16, 1996, petitioner had ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1, 13.3 (2000). Petitioner, however, failed to do so. Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his petition for a writ of certiorari, or January 14, 1997. *See Griffith v. Kentucky*, 479 U.S. 314 (1987) (explaining that when a defendant does not seek a writ of certiorari, the judgment of conviction becomes final upon the expiration of the time allowed for certiorari review). Petitioner appears to argue, however, that the 1-year limitation period did not begin to run on January 14, 1997, the date on which his judgment became final, because unconstitutional State action created an impediment to, and prevented petitioner from, filing a state habeas application.

Specifically, petitioner argues the following:

> I have filed via U.S. mail several letters and pro se motions to the Potter County Clerks Office and the 320th District Court seeking to obtain trial records and transcripts to proceed intelligently and knowledgeably in the Federal Court and comply with the AEDPA limitation requirement. Nevertheless, from 1996 to 2000 all correspondences and motions went without acknowledgment. I attempted the filing of a state habeas corpus without support of the trial records, but was denied its filing absent a $90.00 filing fee.
>
> In August of 2000, I complained to the Seventh Court of Appeals of the disregard to my legal filings and requested information and assistance with procuring the trial records. On its own initiative, the Seventh Court of Appeals provided me a copy of the trial record without cost as per Judge Emerson's instruction within said record. From the trial record I compiled and filed a reasonably intelligent state writ of habeas corpus, which was hindered by, but complied with, the State's January 1, 2002, enactment of its habeas corpus form requirement.
>
> The trial court took no action and transmitted the habeas corpus forms to the Texas Court of Criminal Appeals, which denied same without written order in May 22, 2002. And as a result, I now make this statement to bring forward a federal review on the ground of actual and factual innocence.

Petitioner appears to argue the purported lack of a transcript and trial records from 1996 to 2000 prevented him from proceeding with his challenge of his state conviction and, consequently, the timely filing of his federal habeas application.

Petitioner misconstrues the applicability of 28 U.S.C. § 2244(d)(1)(B). Subparagraph (B) does not concern alleged impediments to filing a petition for a state writ of habeas corpus. Rather, the subparagraph addresses unconstitutional State-created impediments to filing "an application" and the statute clearly identifies the relevant application as being "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The impediment must thus prevent the filing of his *federal* application.[2]

---

[2] Even so, any purported lack of a transcript or trial records did not prevent petitioner from filing an application for a state writ of habeas corpus on October 2, 1998, albeit with the wrong state court, such application being denied on October 9, 1998. *See Ex parte Pace*, No. 07-98-0333-CR. Petitioner then did not file his state habeas application with the appropriate court until February 27, 2002, almost 3 ½ years later.

Furthermore, although petitioner attempts to invoke section 2244(d)(1)(B), he has shown no impediment that falls within the purview of that subparagraph. To satisfy this subparagraph, the prisoner must show that: (1) he was prevented from filing a (federal) petition (2) by State action (3) in violation of the Constitution or federal law. Although this section does not define what constitutes an "impediment," its "plain language . . . makes clear that whatever constitutes an impediment *must prevent a prisoner from filing his petition*." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The purported unavailability of a transcript of his trial or other trial records did not prevent petitioner from timely filing the instant federal petition. Petitioner has not shown how the court records were necessary for the filing of his petition, and nothing of record indicates that petitioner needed his state records to raise his claims. In fact, based on petitioner's representation that he did not receive the state records until sometime in the year 2000, it appears he filed his first state habeas petition (in 1998) without access to such records.

Nor has petitioner established that "State action" prevented him from filing his federal petition. Although petitioner claims he submitted numerous letters and pro se motions to the state district clerk and state district court, petitioner has not submitted copies of such letters or motions, he has not shown that such letters or motions constituted proper requests of the records, nor has he shown that such letters or motions were ever received by the clerk or the court. Petitioner cannot establish "State action" prevented him from filing this federal petition.

The undersigned finds petitioner has not established any unconstitutional state action prevented him from timely filing an application for federal habeas relief. Petitioner does not satisfy any of the statutory exceptions to delay the running of the AEDPA statute of limitations. Consequently, the one-year statute of limitations in this case is calculated from the date petitioner's judgment of conviction became final on January 14, 1997. As such, the instant federal application

was due on or before January 14, 1998. Petitioner's first state habeas application was not filed until October 2, 1998 and, thus, did not toll the statute of limitations. After the first state habeas was denied on October 9, 1998, petitioner did not file a second state habeas application until February 27, 2002. After this second state habeas was denied on May 22, 2002, petitioner did not complete and sign the current federal habeas application until September 3, 2003, almost 1 ½ years later. Petitioner's federal habeas petition is clearly untimely.

To the extent, if any, petitioner argues the purported denial of copies of his court records should equitably toll the limitations provision of 28 U.S.C. § 2254, such argument is without merit. Delays in the receipt of transcripts and court-records do not generally equate to an "rare and exceptional" that justifies equitable tolling of the limitations period established by the AEDPA. *Fadayiro v. United States*, 30 F.Supp.2d 772, 780 (D.N.J. 1998); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997). Petitioner has provided nothing to show that the alleged denial of records amounted to an "extraordinary circumstance" that entitles him to equitable tolling. *See, e.g. Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963, 121 S.Ct. 1498, 149 L.Ed.2d 383 (2001) (inability to obtain research materials does not warrant equitable tolling);

Finally, even if this Court were to allow tolling for period of time during which petitioner was purportedly denied his records (1996 to 2000), the instant federal habeas petition would still be time barred. Petitioner asserts he received his records in 2000. Petitioner did not, however, pursue state habeas corpus relief until February 27, 2002, and did not pursue federal habeas relief until September 2, 2003, ***more than a year after the denial of his state habeas relief efforts.*** Petitioner did not pursue his claims with diligence.

Petitioner's federal habeas was due to be filed on or before January 14, 1998, but petitioner

failed to deposit the instant application in the prison mail until September 3, 2003, said application being filed of record on October 14, 2003.[3] Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL WAYNE PACE be DISMISSED as time barred.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___3rd___ day of January 2006.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3] For purposes of determining the applicability of the statute of limitations, petitioner's federal habeas application is considered filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

# * <u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).